UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY PELLANT and RANDALL JOHNSON,

    Plaintiffs,

v.

DETROIT TIGERS INC.

    Defendant.

Case No. 2:23-cv-13288

Hon. Judge Sean F. Cox

Magistrate Judge Anthony P. Patti

| | |
|---|---|
| Raymond J. Carey (P29141)<br>RAYMOND J. CAREY & ASSOCIATES, PLLC<br>30500 Northwestern Hwy., Suite 425<br>Farmington Hills, MI 48334<br>T: (248) 865-0001<br>rcarey@work-lawyers.com<br><br>Robert E. Goodman, Jr. (Bar #08158100)<br>Mitchell C. Abeita (Bar #24103694)<br>Eric N. Roberson (Bar #00792803)<br>KILGORE & KILGORE, PLLC<br>3141 Hood Street, Suite 500<br>Dallas, Texas 75219<br>T: (214) 979-9699<br>reg@kilgorelaw.com<br>mca@kilgorelaw.com<br>enr@kilgorelaw.com<br><br>*Attorneys for Plaintiffs* | Thomas R. Paxton (P36214)<br>Paige A. Henry (P86561)<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PLLC<br>*Attorneys for Defendant*<br>34977 Woodward Avenue, Suite 300<br>Birmingham, Michigan 48009<br>T: (248) 593-6400<br>thomas.paxton@ogletree.com |

# **DEFENDANT'S MOTION TO DISMISS**

NOW COMES Defendant, pursuant to the authority set forth in the Federal Rules of Civil Procedure, Rule 12(b), and requests that the Court dismiss the Plaintiffs' Complaint because continuation of the suit while Plaintiff pursues similar claims in the United States District Court for the District of Colorado in which both Plaintiffs are named parties and class representatives, and the Defendant Detroit Tigers, Inc. ("DTI") is a specifically named defendant, would risk unnecessary duplication of judicial resources and inconsistent rulings. In support of its motion, Defendant relies on the simultaneously-filed brief and exhibits.

Pursuant to E.D. Mich. LR 7.1(a), Defendant's counsel attempted to obtain, prior to filing this Motion, Plaintiffs' concurrence in the relief sought, but such concurrence was not forthcoming.

Accordingly, Defendant respectfully asks the Court to dismiss Plaintiffs' Complaint and/or stay this action until the District Court of Colorado decides that litigation.

Respectfully Submitted,

/s/ Thomas R. Paxton
Thomas R. Paxton (P36214)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
248-593-6400
thomas.paxton@ogletree.com

Dated: March 11, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY PELLANT and RANDALL JOHNSON,

    Plaintiff,

v.

DETROIT TIGERS INC.

    Defendant.

Case No. 2:23-cv-13288

Hon. Judge Sean F. Cox

Magistrate Judge Anthony P. Patti

| | |
|---|---|
| Raymond J. Carey (P29141)<br>RAYMOND J. CAREY & ASSOCIATES, PLLC<br>30500 Northwestern Hwy., Suite 425<br>Farmington Hills, MI 48334<br>T: (248) 865-0001<br>rcarey@work-lawyers.com<br><br>Robert E. Goodman, Jr. (Bar #08158100)<br>Mitchell C. Abeita (Bar #24103694)<br>Eric N. Roberson (Bar #00792803)<br>KILGORE & KILGORE, PLLC<br>3141 Hood Street, Suite 500<br>Dallas, Texas 75219<br>T: (214) 979-9699<br>reg@kilgorelaw.com<br>mca@kilgorelaw.com<br>enr@kilgorelaw.com<br><br>*Attorneys for Plaintiffs* | Thomas R. Paxton (P36214)<br>Paige Henry (P86561)<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PLLC<br>*Attorneys for Defendant*<br>34977 Woodward Avenue, Suite 300<br>Birmingham, Michigan 48009<br>T: (248) 593-6400<br>thomas.paxton@ogletree.com |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. iii

CONCISE STATEMENT OF THE ISSUES PRESENTED................................... iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR
THE RELIEF SOUGHT ........................................................................................v

    I.    INTRODUCTION...............................................................................1

    II.    FACTUAL BACKGROUND...............................................................1

    III.    LITIGATION HISTORY ....................................................................2

    IV.    ANALYSIS..........................................................................................3

        A.    Plaintiffs' Claims Should be Dismissed Under the "First-to-
                File" Rule. .................................................................................3

            a.    Chronology of the actions..................................................4

            b.    Similarity of the Parties .....................................................5

            c.    Similarity of the Issues/Claims at Stake............................5

    V.    CONCLUSION ...................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

## Cases

*Baatz v. Columbia Gas Transmission, LLC*,
   814 F.3d 785 (6th Cir. 2016) ........................................................................... 5, 6

*Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*,
   511 F.3d 535 (6th Cir. 2007) ............................................................................... 5

*Clear!Blue, LLC. v. Clear Blue, Inc.*,
   521 F. Supp. 2d 612 (E.D. Mich. 2007) ............................................................. 4

*Crestmark Bank v. Electrolux Home Products, Inc.,* No. 14-CV-11595,
   2014 WL 3900604 (E.D. Mich. Aug. 11, 2014) ................................................. 4

*Smith v. SEC*,
   129 F.3d 356 (6th Cir. 1997) ........................................................................... 3, 6

*Waal v. AFS Techs., Inc.*,
   No. 1:14-CV-94, 2014 WL 1347794 (W.D. Mich. Apr. 4, 2014) .................... 6, 7

*Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*,
   16 Fed. App'x 433 (6th Cir. 2001) ...................................................................... 3

## Statutes

29 U.S.C. § 626 ........................................................................................................ 4

## Federal Rules of Civil Procedure

Fed. R. Civ. P. Rule 4 .............................................................................................. 3

Fed. R. Civ. P. Rule 12(b) ........................................................................................ 7

Fed. R. Civ. P. Rule 15(c) ........................................................................................ 4

Fed. R. Civ. P. Rule 23 ......................................................................................... 1, 2

## CONCISE STATEMENT OF THE ISSUES PRESENTED

**Issue 1**  Should the Court dismiss Plaintiffs' claims under the "first to file" doctrine to avoid inefficient and uneconomical litigation and avoid the possibility of inconsistent rulings and orders?

Defendant answers:  Yes
Plaintiffs answer:  No

## CONTROLLING OR MOST APPROPRIATE AUTHORITY
## FOR THE RELIEF SOUGHT

*Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 Fed. App'x 433, 437 (6th Cir.2001).

*Clear!Blue, LLC. v. Clear Blue, Inc*., 521 F. Supp. 2d 612, 614-15 (E.D. Mich. 2007)

9 U.S.C. §1, *et. seq*.,

29 U.S.C. § 626

Fed. R. Civ. P. Rule 12(b)(6)

Fed. R. Civ. P. Rule 23

I.   INTRODUCTION

This case involves the claims of two former professional baseball scouts who worked for the Defendant Detroit Tigers, Inc., ("DTI"), a Major League Baseball ("MLB") franchise professional baseball club. Both Plaintiffs have asserted claims of age discrimination against DTI and other MLB teams, as well as the MLB itself, for age discrimination in a civil action before the United States District Court for the District of Colorado. Both Plaintiffs are named representatives in a proposed class action filed under Fed. R. Civ. P. Rule 23. Defendant now asks this court to decline jurisdiction of Plaintiffs' claims consistent with the "First to File" rule to avoid duplication of judicial efforts and resources and risk the chance of inconsistent rulings.[1]

II.   FACTUAL BACKGROUND

The operative facts in this case are based on the assertions of the Complaint for the purpose of this Motion. Essentially, Plaintiffs are former "scouts" for the DTI. The year 2020 and the COVID-19 epidemic had an historic impact on people's lives and businesses all over the world. In Detroit, the adverse economic impact to DTI was significant and unprecedented. It was in this environment that DTI made the difficult decision to make various workforce reductions. These reductions

---

[1] Defendant's "first to file" argument is in no way a waiver of or meant to undermine any jurisdictional defense Defendants may assert or have asserted outside of the instant action.

1

occurred at DTI and across multiple related businesses in order to align with the unique market conditions. Specifically, DTI reduced its cadre of professional scouts by almost half, specifically choosing not to renew their employment contracts.[2] Neither Plaintiffs' contracts were renewed.

### III. LITIGATION HISTORY

Plaintiffs each filed charges with the Michigan Department of Civil Rights and concurrently with the Equal Employment Opportunity Commission's ("EEOC") Detroit Field Office on June 17 and June 27, 2021, claiming their contracts were not renewed because of their age. (Exhibits A and B) The EEOC dismissed each of the Plaintiff's charges and issued Notices of Rights on September 11 and 28, 2023. (Exhibits C and D)

Both Plaintiffs were included as named Plaintiffs in a recently-filed class action complaint filed in the United States District Court for the District of Colorado on June 21, 2023 seeking class certification under Fed. R. Civ. P. Rule 23. On January 30, 2024, Plaintiffs filed their Fourth Amended Complaint (See Exhibits E and F) alleging age discrimination against DTI and other entities including the Commissioner of Baseball and most of the other teams making up MLB. In that Amended Complaint, Plaintiffs have asserted claims identical to those asserted

---

[2] As a point of reference, two of those scouts who did not receive new contracts were younger than the Plaintiffs.

2

herein against DTI. (Exhibit F, ECF #60)[3]

Six months later, the instant action was filed on December 27, 2023. Service was waived under Fed. R. Civ. P. Rule 4. In lieu of an answer, Defendant DTI submits this Motion to Dismiss for the reasons set forth below.

IV.   ANALYSIS

   A.   **Plaintiffs' Claims Should be Dismissed Under the "First-to-File" Rule.**

The "first-to-file" rule is a well-established doctrine that encourages comity among federal courts of equal rank. The rule promotes judicial economy and "encourages comity among federal courts of equal rank" when the "actions involve [ ] nearly identical parties and issues." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 Fed. App'x 433, 437 (6th Cir. 2001). The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment. *Id*. at 437. An action is considered duplicative under this doctrine when the "determination in one action leaves little or nothing to be determined in the other." *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997) (internal citations omitted).

---

[3] Currently, the United States District Court for Colorado has allowed the Class representatives to file a Fourth Amended Complaint but has yet to rule on class certification.

3

Courts have identified three factors to consider in determining whether to invoke the first-to-file rule: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake. *Clear!Blue, LLC. v. Clear Blue, Inc.,* 521 F. Supp. 2d 612, 614-615 ( E.D. Mich. 2007)*; Crestmark Bank v. Electrolux Home Products, Inc.,* No. 14-CV-11595, 2014 WL 3900604, at *3 (E.D. Mich. Aug. 11, 2014).

### a.  *Chronology of the actions*

In the present case, both Plaintiffs are listed as named class representatives in the recently-filed Fourth Amended Complaint which alleges age discrimination claims against DTI and the MLB, among other clubs. The Plaintiff, Randall Johnson, was originally named in the original Complaint filed in the United States District Court for the District of Colorado on June 21, 2023.  Both Plaintiffs filed this case six months after the Colorado complaint, asserting identical claims against DTI.[4] Plaintiff Johnson was a named Plaintiff in the original class action and Pellant has been specifically identified in the Fourth Amended Complaint which would relate

---

[4] Plaintiffs may claim they could not file the instant action until they received the Notice of Rights from the EEOC.  However, they did not need to have Notice of Rights to pursue their claims under the ADEA. Unlike a claim under Title VII, each could have filed suit at least 60 days after they filed their charges without a Notice of Rights being issued.  See 29 U.S.C. § 626 ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission.").

back to the original filing date. Fed. R. Civ. P. Rule 15(c). DTI is a named Defendant in both.

### b. Similarity of the Parties

The [first to file] rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007). The first to file rule applies when parties in two actions "substantially overlap, even if they are not perfectly identical" *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 790 (6th Cir. 2016).

In the present case, a similarity of parties could be found even if Plaintiffs were not yet parties of the class action suit filed nearly six months prior to this complaint. However, all parties, both Plaintiffs and Defendant, are named parties in the suit filed six months prior in this case. The parties more than substantially overlap. Unlike unnamed parties of a class, there is no concern that Plaintiffs will not have the opportunity to represent their individual interests.

### c. Similarity of the Issues/Claims at Stake

Finally, as the Court contemplates the first to file rule, it must examine the similarity of issues. The initial class action suit in the District of Colorado and this case both allege the age discrimination claims, related to the same issues and events.

5

The pleaded counts are nearly identical, except for the claims that Plaintiffs were not considered for subsequent employment by the non-employer teams. While Plaintiffs' ELCRA claims were not alleged in the initial action, both the ADEA and ELCRA age discrimination are treated essentially identically. Both age discrimination claims involved the same allegations and examine the same elements. There is *little to nothing to be determine*d between Plaintiffs' claims against Defendant in this action and the class action filed in June 2023; therefore, this action is duplicative. *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997).

"The [first-to-file] rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments." *Waal v. AFS Techs., Inc.*, No. 1:14-CV-94, 2014 WL 1347794, at *3 (W.D. Mich. Apr. 4, 2014). Plaintiffs' identical ADEA claims against Defendant regarding the same event creates a significant chance of inconsistent judgments between Plaintiffs' claims in this present action and in the United States District Court for Colorado. Moreover, duplicative actions will require duplicative resources from Plaintiffs, Defendants, and both Courts. There is no need for duplicative discovery of the same evidence and testimony. The application of the first-to-file rule in the present action is necessary as it "conserves judicial resources by minimizing duplicative or piecemeal litigation, and protects the parties and the courts from the possibility of conflicting results." *Baatz v. Columbia Gas*

6

*Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016).

## V. CONCLUSION

Clearly, the Plaintiffs intended to prosecute these claims in the Colorado action and presumably only filed this suit under the mistaken belief that they were required to have the appropriate Notice of Rights before they could sue. They certainly recognized that the right to sue was not necessary to initiate the class action suit in Colorado.

Therefore, prosecuting the instant claims here would only cause administrative duplication and the chance of inconsistent rulings if this "afterthought" action was allowed to proceed parallel with the Colorado action. According to the recognized "first-to-file" rule, the Plaintiffs' claims should be adjudicated in the Colorado District Court which was Plaintiffs' first choice of venue. Parallel litigation of those claims is wasteful, unnecessary, and inconsistent with the basic principles of *res judicata*, collateral estoppel, *stare decisis*, and the need for the efficient administration of justice. Plaintiffs' claims should be dismissed in lieu of the Colorado claims.[5]

---

[5] If the Court is not inclined to dismiss the instant case under Fed. R. Civ. P. Rule 12(b), then it could stay the instant matter until the District Court of Colorado enters a final judgment as to these Plaintiffs. "When the first-to-file rule applies, the court entertaining the later-filed action may, in its discretion, transfer, stay, or dismiss the second action without prejudice, as necessary, to promote the interest of efficiency and judicial economy." *Waal v. AFS Techs., Inc.*, No. 1:14-CV-94, 2014 WL 1347794, at *3 (W.D. Mich. Apr. 4, 2014).

7

        Respectfully Submitted,

        /s/ Thomas R. Paxton
        Thomas R. Paxton (P36214)
        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, PLLC
        *Attorneys for Defendant*
        34977 Woodward Avenue, Suite 300
        Birmingham, MI  48009
        248-593-6400

Dated:  March 11, 2024        thomas.paxton@ogletree.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to Raymond J. Carey, Plaintiff's attorney, at rcarey@work-lawyers.com.  I also hereby certify that I served a copy of the foregoing paper by e-mail to Robert E. Goodman, Plaintiff's co-counsel, addressed to him at reg@kilgorelaw.com.

        s/ *Thomas R. Paxton*
        Thomas R. Paxton (P36214)
        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PLLC
        *Attorneys for Defendant*
        34977 Woodward Avenue, Suite 300
        Birmingham, MI  48009
        248-593-6400
        thomas.paxton@ogletree.com